**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| STEVEN L. LIVINGSTON | § | |
| and BRENDA L. LIVINGSTON | § | |
| | § | |
| v. | § | CASE NO. 4:11CV85 |
| | § | |
| WELLS FARGO BANK, N.A., | § | |
| WELLS FARGO HOME MORTGAGE, | § | |
| FEDERAL HOME LOAN MORTGAGE | § | |
| CORPORATION, and MORTGAGE | § | |
| ELECTRONIC REGISTRATION | § | |
| SYSTEMS, INC. | § | |

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendants' Motion for Summary Judgment (Dkt. 14).  Having

reviewed the record, the Court finds that the motion should be GRANTED.

**BACKGROUND**

This case arises out of a foreclosure of real property located at 2017 Munro Park Avenue,

Corinth, Texas 76208.  In their motion for summary judgment, Defendants claim that Plaintiffs'

claims for wrongful foreclosure fail because (a) all legally required notices were sent to Plaintiffs

and there was no defect in the foreclosure sale proceedings; (b) the sale price was not grossly

inadequate; (c) there is no causal connection between any alleged defect in the foreclosure sale and

the sale price; and (d) Wells Fargo was entitled to conduct the foreclosure sale.  Defendants further

claim that they are entitled to summary judgment on Plaintiffs' fraud and misrepresentation claim,

1

Federal Fair Debt Collection Practices claim, Texas Finance Code claim, and Texas Deceptive Trade

Practices claim.  Finally, Defendants seek summary judgment on Plaintiffs' claims for declaratory

and injunctive relief and Plaintiffs' claim for accounting.

<h3 style="text-align:center">MOTION FOR SUMMARY JUDGMENT STANDARD</h3>

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences

in the light most favorable to the non-moving party, there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hunt v. Cromartie*,

526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).  The appropriate inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine

issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th

Cir. 2001).  In sustaining this burden, the movant must identify those portions of pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.

Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).  The moving party,

however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp*., 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc).  The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case.  *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir.

2

1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14).   Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655.  The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact.  E.D. TEX. LOCAL R. CV-56(d).  Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden.  *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendants' motion for summary judgment argues that Plaintiffs' wrongful foreclosure claim fails as a matter of law because all legally required notices were sent to Plaintiffs, there was no defect in the foreclosure proceedings, and the sales price was not grossly inadequate.  Defendants further allege that Plaintiffs' fraud claim fails as a matter of law because there was no misrepresentation made by Defendants and any alleged oral promise to modify the loan is not actionable.  Defendants' motion also claims that Plaintiffs' Federal Fair Debt Collection Practices Act claim fails as a matter of law because Defendants are not "debt collectors" for purposes of the Act and did not violate the Act and that Plaintiffs' Texas Finance Code claim fails as a matter of law because Defendants

committed no act which constituted an unfair debt collection practice.  Additionally, Defendants argue that Plaintiffs' Texas Deceptive Trade Practices Act fails as a matter of law because Plaintiffs are not "consumers" for purposes of the Act and Defendants committed no deceptive trade practice and that Plaintiffs are not entitled to the declaratory or injunctive relief requested because there is no genuine factual dispute over the loan documents and therefore no justiciable controversy.  Finally, Defendants' motion argues that Plaintiffs' request for an accounting does not preclude entry of final summary judgment.

In support of their motion, and although it is not their burden to do so, Defendants submit the following evidence: (1) Affidavit of Kyle Campbell; (2) Promissory Note executed November 15, 2001 in favor of Ameritex Mortgage Company, L.L.C.; (3) Deed of Trust executed November 15, 2001; (4) Notice of Intent to Sell, Assign or Transfer Servicing executed November 15, 2001; (5) Assignment of Deed of Trust from Ameritex to CH Mortgage Company I, Ltd. dated December 6, 2011; (6) Assignment of Deed of Trust from CH Mortgage Company I, Ltd to MERS dated December 6, 2011; (7) Wells Fargo's March 1, 2009 Notice of Default to Plaintiffs; (8) Assignment of Note and Deed of Trust to Wells Fargo effective June 26, 2009; (9) Barrett Daffin Frappier Turner & Engel's July 3, 2009 Notice of Acceleration; (10) Wells Fargo's October 6, 2009 correspondence to Plaintiffs informing them they were pre-qualified for a loan modification; (11) Trial Modification Plan effective November 1, 2009; (12) Wells Fargo's January 15, 2010 correspondence to Plaintiffs requesting documents; (13) Wells Fargo's June 2, 2010 correspondence to Plaintiffs advising they did not qualify for a loan modification; (14) Barrett Daffin Frappier Turner & Engel's 12, 2010

4

Notice of Acceleration; (15) Wells Fargo's August 20, 2010 correspondence to Plaintiffs confirming that Wells Fargo was unable to adjust the terms of the loan; (16) a copy of the Substitute Trustee's Deed; and (17) a copy of the Denton County Central Appraisal District Notice of Residential Appraised Value for Year 2010 for Account No. 227205.

Having reviewed this evidence, the Court finds that Defendants have satisfied their burden in showing the absence of a genuine issue of material fact as to each of Plaintiffs' claims here. Thus, the burden shifts to Plaintiffs to designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. Plaintiffs have failed to sustain their burden here.

Defendants' motion was filed on January 25, 2012. When no response was timely filed, the Court issued an order on March 1, 2012 notifying Plaintiffs that failure to file a response on or before March 8, 2012 would indicate that they were not opposed to the relief requested. *See* Dkt. 15. More than a month after that order was entered and two months after the underlying motion was filed, there is still no response from Plaintiffs. Thus, in accordance with Local Rule CV-7(d) and the Court's March 1, 2012 Order, the Court assumes that Plaintiffs' failure to respond to the motion for summary judgment indicates that they are not opposed to it and that, having been granted additional time to respond, they concede that there is no genuine issue of material fact as to at least one of the elements of all of their claims.

The Court will not – and indeed is not required to – scour the record in this matter to determine whether Plaintiffs could create a genuine issue of material facts as to his claims. The non-movant's burden in summary judgment proceedings is clear. *See Ragas*, 136 F.3d at 458; *Stults*, 76

F.3d at 655.  The Court's time and resources are limited, and the Court will not do Plaintiffs' work for them.

Without any summary judgment evidence to support their claims, Plaintiffs have not sustained their summary judgment burden. Defendants' Motion for Summary Judgment (Dkt. 14) is, therefore, GRANTED, and Plaintiffs shall take nothing by their claims against Defendants here.

**SO ORDERED.**

**SIGNED this 13th day of April, 2012.**


DON D. BUSH
UNITED STATES MAGISTRATE JUDGE

6